**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JAMES C. WINDING**                                                                                          **PETITIONER**

**V.**                                                                                         **NO. 4:25-CV-117-DMB-JMV**

**STATE OF MISSISSIPPI**                                                                                  **RESPONDENT**

**ORDER**

On July 23, 2025, United States Magistrate Judge Jane M. Virden issued a report ("R&R") recommending that this case be dismissed without prejudice and that "the Fifth Circuit's [April 18, 2025] sanction order [against James C. Winding] be applied such that no future habeas pleading (any pleading challenging his convictions or sentences for kidnapping and sexual battery from the Circuit Court of Adams County, Mississippi) filed by Winding may be filed or transferred in from other districts without first obtaining permission from either the Fifth Circuit or this court."[1]  Doc. #8 at 4.  The R&R warned that "failure to file [within fourteen days] written objections to the proposed findings, conclusions, and recommendations contained within this report … will bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error."  *Id*. at 5.  On July 29, the Court received from Winding a document which the Court deemed to be Winding's objections to the R&R.  Doc. #9.

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made."  "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need

---

[1] *See* Doc. #8 at 3–4 (discussing *In re Winding*, No. 25-90004 (5th Cir. Apr. 18, 2025)).

not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982); *accord Mosley v. Quarterman*, 306 Fed. App'x 40, 42 n.2 (5th Cir. 2008) (quoting *Nettles*, 677 F.2d at 410 n.8); *Scott v. Pyles*, 596 F. Supp. 3d 623, 627 (S.D. Miss. Mar. 31, 2022).

Winding's objections are easily characterized as frivolous, vague, and/or conclusory. They wholly consist of motions and copies of motions he has previously filed in federal and state cases; and copies of various documents, including prison records and medical records. *See generally* Doc. #9. Winding fails to pinpoint any finding, conclusion, or recommendation in the R&R that his objections concern. *See Nettles*, 677 F.2d at 410 ("[N]o undue burden exists in requiring … a pro se litigant to state his objections, if any, to the district court."). Even a liberal construction of the objections based on Winding's pro se status yields nothing worthy of consideration or that transforms the objections to non-frivolous ones. *See Collins v. Dallas Leadership Foundation*, 77 F.4th 327, 330 (5th Cir. 2023) (liberal construction of pro se litigant's filings does not preclude finding that filing is frivolous). Consequently, Winding's objections need not, and will not, be considered by this Court because they are incapable of being afforded meaningful de novo review.[2]

Having determined Winding's objections will not be considered, the Court reviewed the R&R for plain error and concludes that the R&R is neither clearly erroneous nor contrary to law.[3] So, the R&R [8] is **ADOPTED** as the order of the Court. Accordingly:

1. The Fifth Circuit's April 18, 2025, sanction order against Winding shall be applied in this federal district such that no future habeas pleading by Winding challenging his convictions

---

[2] Alternatively, to the extent it may be later argued the objections should be considered on some level, they are overruled for the same reasons articulated in the R&R.

[3] "[P]lain error review applies where … a party did not object to a magistrate judge's findings of fact, conclusions of law, or recommendation to the district court despite being served with notice of the consequences of failing to object." *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015) (cleaned up). "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

or sentences for kidnapping and sexual battery in the Circuit Court of Adams County, Mississippi, may be filed in this district or transferred from another district without Winding first obtaining permission from either the Fifth Circuit or this Court; and

    2.    This case is **DISMISSED without prejudice**.[4]

**SO ORDERED**, this 31st day of July, 2025.

                                                                       /s/Debra M. Brown
                                                                       **UNITED STATES DISTRICT JUDGE**

---

[4] Winding filed six motions before the R&R's issuance (a motion to proceed in forma pauperis, four motions to expedite, and a motion for judicial notice) and one motion after the R&R's issuance (another motion to expedite). Docs. #2, #3, #4, #5, #6, #11. Upon the dismissal of this case, all such motions shall be terminated as moot.